# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

ROBIN GETSI, )
    Plaintiff, )
)
v. ) No. 3:09-CV-532
) Phillips
MAZDA NORTH AMERICAN OPERATIONS, )
    Defendant. )

## MEMORANDUM OPINION

Plaintiff Robin Getsi brings this action against defendant Mazda North American Operations for personal injuries suffered when the airbags in her 2000 Mazda vehicle deployed without warning. This matter is before the court on defendant Mazda's motion for summary judgment [Doc. 6]. Getsi has failed to respond to the motion for summary judgment and pursuant to LR 7.2, her failure to respond will be deemed a waiver of any opposition to the relief sought. Because plaintiff's claims are barred by the applicable statute of limitations, Mazda's motion will be granted and this case dismissed.

## Motion for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court

must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Getsi filed her complaint in the Circuit Court for Morgan County, Tennessee on October 27, 2009. Mazda removed the case to this court on December 4, 2009. Mazda contends that Getsi's claims are barred by the applicable statute of limitations. In support of its motion, Mazda has submitted the Affidavit of Tom Hannah, Manager of Customer Assistance for defendant. Hanna testified that the call logs maintained by the customer service department at Mazda show that Getsi notified the company of the incident on September 19, 2008, stating that she was "sitting at a restaurant when the airbags went off."

2

The statute of limitations for personal injury is one year. *See* Tenn. Code Ann. § 28-3-104. Getsi's call to the Mazda service department shows that the subject incident occurred on or before September 19, 2008. Getsi did not file her complaint until October 27, 2009, more than one year after the alleged injury occurred. Therefore, her claim is barred by Tenn. Code Ann. § 28-3-104, one-year statute of limitations.

## Conclusion

For the reasons stated above, defendant Mazda's motion for summary [Doc. 6] is **GRANTED**, whereby this action is **DISMISSED WITH PREJUDICE.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge